No. 769

## PRICE v. INSANDE

Ohio Appeals, 9th Dist., Summit Co.

Decided Nov. 26, 1923

543.   FORCIBLE ENTRY & DETAINER—Judgment in forcible entry and detainer action in favor of landlord does not bar evicted tenant, under res adjudicata, from bringing an action for damages for breach of contract.

PARDEE, J.

P. L. Price and Sarah Insande entered into a verbal contract by which Insande agreed to give Price a lease upon her farm. Price was to furnish work and labor and Insande was to advance funds for the purchase of stock, feed, seed, and etc; but Price's share of the cost was to be evidenced by notes secured by mortgage on the articles furnished. The parties were to share equally, the profits of the farm.

About April 4, 1921 Insande, while Price was absent from the farm, drove away and secreted the cows to a place unknown to Price; and removed other articles. She later abandoned the contract and forced Price to vacate the property. This in substance constitutes the allegations of Price's petition in the Summit Common Pleas; he claiming that he was at all times prepared to go on with the contract.

Insande claimed that each party was to furnish one-half of the feed and seed; and that a judgment before a justice of the peace was rendered in her favor in an action in forcible entry and detainer under which a writ in restitution was issued, and Price evicted from the property. Insande claimed the judgment rendered was res adjudicata and was a complete defense.

The trial court directed a verdict in Insande's favor upon the theory that the judgment rendered in the forcible entry and detainer proceedings was a bar to further inquiry as to rights of Price growing out of the contract. Error was prosecuted and the Court of Appeals held:

1.   Forcible entry and detainer is a statutory proceeding and a summary method for the recovery of possession of real estate.

2.   A judgment rendered in a forcible entry and detainer action before a justice of the peace or in a Common Pleas Court, is not a bar to a later action brought by either landlord or tenant. 10450 GC.

3.   This statute is an exception to the general rule relative to res adjudicata.

4.   Price's action in the trial court being one for damages for breach of contract, the issues raised could not have been litigated in the justice's court.

5. Price had a right to have the questions raised by the pleadings and the evidence submitted to the jury; and if it found that the plaintiff was free from fault and that defendtnt breached the contract, he would be entitled to damages if able to show any.

Judgment reversed and cause remanded.

Attorneys—Myers & Dinsmore for Price; Wilcox, Berk, Cable & Berk for Insande; all of Akron.